FILED
2019 Mar-21 PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| MEREDITH PARKER, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 4:19-cv-00118 |
| DELTA MANAGEMENT ASSOCIATES, INC., | : |
| Defendant. | : |

### ANSWER OF DEFENDANT DELTA MANAGEMENT ASSOCIATES, INC. TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Delta Management Associates, Inc. ("Delta"), by and through undersigned counsel, and for its Answer to Plaintiff Meredith Parker's ("Plaintiff") Complaint, states as follows:

### JURISDICTION AND VENUE

1. Paragraph 1 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Delta admits that this Court has jurisdiction over claims arising under federal law. Further answering, Delta is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of Plaintiff's Complaint, and therefore denies the same.

### PARTIES

2. Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiff's Complaint, and therefore denies the same.

3. Paragraph 3 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Delta admits that, under certain circumstances, it may fall under the definition of "debt collector" as that term is defined in the Fair Debt Collection Practices Act ("FDCPA"). Further answering, Delta is without knowledge or information sufficient to form a belief as to the truth of the

{W0609912.1 }

      remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint, and therefore denies the same.

4. Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of Plaintiff's Complaint, and therefore denies the same.

## FACTUAL ALLEGATIONS

5. Delta admits that, on or about March 18, 2018, an account in Plaintiff's name was placed with it for collection.  Further answering, Delta is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 of Plaintiff's Complaint, and therefore denies the same.

6. Delta admits that it made telephone calls in connection with the account in Plaintiff's name that was placed with it for collection.  Further answering, Delta is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

7. Delta denies the allegations set forth in Paragraph 7 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Delta.  Further answering, Delta is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

8. Delta denies the allegations set forth in Paragraph 8 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Delta.  Further answering, Delta is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9. Delta denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. Delta denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11. Delta denies the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. Delta denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

## COUNT ONE
## NEGLIGENCE

13. All allegations incorporated by reference in Paragraph 13 of Plaintiff's Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

14. Delta denies the allegations set forth in Paragraph 14 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Delta. Further answering, Delta is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 of Plaintiff's Complaint, and therefore denies the same.

15. Delta denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Delta. Further answering, Delta is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

16. Delta denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. Delta denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

## COUNT TWO
## RECKLESSNESS AND WANTONNESS

18. All allegations incorporated by reference in Paragraph 18 of Plaintiff's Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

19. Delta denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Delta. Further answering, Delta is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 of Plaintiff's Complaint, and therefore denies the same.

20. Delta denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Delta. Further answering, Delta is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of Plaintiff's Complaint, and therefore denies the same.

21. Delta denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. Delta denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

## COUNT THREE
## INVASION OF PRIVACY

23. All allegations incorporated by reference in Paragraph 23 of Plaintiff's Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

24. Delta denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. Delta denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. Delta denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint to the extent they allege or imply wrongdoing by Delta.  Further answering, Delta is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 26 of Plaintiff's Complaint, and therefore denies the same.

27. Delta denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. Delta denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

## COUNT FOUR
## FAIR DEBT COLLECTION PRACTICES ACT

29. All allegations incorporated by reference in Paragraph 29 of Plaintiff's Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

30. Delta denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31. Delta denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

As to *ad damnum* clause following Paragraph 31 of the Complaint, Delta denies Plaintiff is entitled to the relief requested and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. Delta affirmatively alleges, in the alternative, that Plaintiff has failed to state a claim upon which relief can be granted.

2. Delta affirmatively alleges, in the alternative, that Plaintiff may lack standing to bring one or more of the claims set forth in the Complaint.

3. Delta affirmatively alleges, in the alternative, that one or more claims alleged in Plaintiff's Complaint may be barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

4. Delta affirmatively alleges, in the alternative, that any violation of law by Delta, which is specifically denied, was not intentional and resulted from a bona fide error

notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

5. Delta affirmatively alleges, in the alternative, that it acted in good faith at all times and in good faith reliance on the information provided by the creditor of the account.

6. Delta affirmatively alleges, in the alternative, that it did not make any false or misleading representations to Plaintiff or anyone else.

7. Delta affirmatively alleges, in the alternative, that Plaintiff did not rely on any alleged false or misleading representations.

8. Delta affirmatively alleges, in the alternative, that any alleged false or misleading representations, which are specifically denied, were not material.

9. Delta affirmatively alleges, in the alternative, that if it performed any wrongful acts, which is specifically denied, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully, or wantonly.

10. Delta affirmatively alleges, in the alternative, that Plaintiff has suffered no compensable damages as a result of any actions taken by Delta.

11. Delta affirmatively alleges, in the alternative, that Plaintiff may have failed to mitigate her damages, if any.

12. Delta affirmatively alleges, in the alternative, that if Plaintiff suffered any injuries or damages, which is specifically denied, such injuries or damages were caused by persons or entities over whom Delta has no control, right to control, responsibility, or reason to anticipate.

13. Delta affirmatively alleges, in the alternative, that if any payments have been made to Plaintiff or on Plaintiff's behalf, the One Satisfaction Rule should be applied and/or such payments should operate as a set-off for any damages awarded herein.

14. Delta pleads contributory negligence, to avoid waiver.

15. Plaintiff's right to recover, if any, is limited to the FDCPA; Delta specifically denies any violation of that Act.

16. Delta pleads privilege, qualified privilege and conditional privilege.

17. Punitive damages are not allowed under the Fair Debt Collection Practices Act; therefore, Defendant denies Plaintiff is entitled to punitive damages.

18. Delta denies it is guilty of conduct referable to which punitive damages could or should be awarded, and denies that Plaintiff has produced clear and convincing evidence sufficient to support or sustain to support or sustain the imposition of punitive damages against Defendant.

19. Plaintiff cannot recover punitive damages against Defendant because such an award, which is penal in nature, would violate Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended and the Constitution of the United States unless Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

20. Subjecting Defendant to punitive damages, or affirming an award of punitive damages against Defendant in this case, would amount to and constitute a denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

    (a) any award of punitive damages against Defendant under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof of beyond a reasonable doubt;

    (b) there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such award is subject to no predetermined limits;

    (c) use of the Alabama Pattern Jury Instructions in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

    (d) any punitive damages award would not be subject to post trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

    (e) the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

    (f) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the alleged wrongful or culpable conduct;

(g) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

(h) under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

(i) an award of punitive damages should not be permitted to be assessed against Defendant for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of Defendant;

(j) an award of punitive damages should not be permitted to be assessed against Defendant vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Defendant;

(k) Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

(l) under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

(m) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant;

(n) the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(o) the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

(p) the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(q) an award of punitive damages would constitute an arbitrary and capricious taking of property of Defendant without due process of law.

Plaintiff is not entitled to punitive damages from Defendant pursuant to the facts as alleged in Plaintiff's Complaint.

21. Plaintiff's claim for punitive damages against Defendant is barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

22. Imposition of punitive damages in this case against Defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

23. To award punitive damages against Defendant in this case would have a chilling effect upon Defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

24. In the event that any portion of a punitive damages award against Defendant in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity other than plaintiffs, such an award would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article 1, Section 15, of the Alabama Constitution.

25. To award punitive damages against Defendant in this case would violate the Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

26. Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ l, 6, and 22 of the Alabama Constitution, separately and severally.

27. Plaintiff's claim for punitive damages violates the rights of Defendant to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects:

    (a) The Hammond and Green Oil procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

    (b) The Hammond and Green Oil procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate;

    (c) The Hammond and Green Oil procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

  (d)  The <u>Hammond</u> and <u>Green Oil</u> procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

  (e)  This procedure is inadequate in that the trial court according to <u>Hammond</u> and <u>Green Oil</u> "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

  (f)  The <u>Hammond</u> and <u>Green Oil</u> procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

28. Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of <u>BMW of North America. Inc. v. Gore</u>, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (May 20, 1996).

29. The demand for punitive damages in the instant case is subject to these limitations established by the Alabama legislature and set forth in Section 6-11-21, Code of Alabama, as amended.

30. The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and without effect. Under the United States Constitution, and the Constitution of the State of Alabama, the Alabama Supreme Court cannot abolish the punitive damages cap created by the legislature through judicial fiat. <u>Honda Motors Co. v. Oberg</u>, 512 U.S. 415, 431 (1994).

31. If multiple punitive damage awards were assessed against Defendant it would violate the Constitution of the United States and the State of Alabama, violating Defendant's rights to due process and to a jury trial and violating Defendant's right against double jeopardy.

32. Delta pleads the Plaintiff's damages, if any, were caused by the acts, errors or omissions of third parties for which this Defendant has no legal control or liability.

33. Delta pleads it acted at all times in compliance with applicable law, including the FDCPA.

34. Delta pleads unclean hands.

35. Delta asserts all applicable affirmative defenses available in Federal Rule of Civil Procedure 8(c).

36. Delta asserts all applicable affirmative defenses available in Federal Rule of Civil Procedure 12(b).

37. Delta pleads unjust enrichment.

38. Delta pleads the Plaintiff has not suffered an injury in fact.

39. Delta pleads any injury claimed by the Plaintiff is not fairly traceable to the challenged conduct of Delta.

40. Delta pleads any existing injury is unlikely to be redressed by a favorable judicial decision.

41. Delta pleads the Plaintiff has not suffered a "particularized" injury as required for Article III standing.

42. Delta pleads even if the Plaintiff has a particularized injury, Plaintiff still has insufficient proof of injury to prove Article III standing.

43. Delta pleads the lack of an existing, concrete injury.

44. Delta pleads the Plaintiff has not suffered any harm, tangible or intangible, sufficient to satisfy Article III standing.

45. Delta pleads Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

46. Delta respectfully reserves the right to assert any additional affirmative defenses that may be revealed during the course of discovery.

WHEREFORE, Delta respectfully requests that this Honorable Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Delta be awarded its reasonable attorneys' fees and costs as provided for under applicable law.

                Respectfully submitted,

                */s/ Neal D. Moore, III*
                Neal D. Moore, III
                Tina Lam
                *Attorneys for Delta Management Associates, Inc.*

**OF COUNSEL:**

**FERGUSON, FROST, MOORE & YOUNG, LLP**
Post Office Box 430189
Birmingham, Alabama 35243-0189
Telephone: (205) 879-8722
Facsimile: (205) 879-8831
Email: ndm@ffmylaw.com
Email: lam@ffmylaw.com

**CERTIFICATE OF SERVICE**

  This is to certify that on the 21st day of March, 2019, a copy of the foregoing document was served upon counsel for all parties to this proceeding by the following method:

|   |   |
|---|---|
| _____ | mailing the same by first-class United States mail, properly addressed and postage pre-paid |
| _____ | hand delivery |
| _____ | via facsimile |
| __X__ | E-File |

| | |
|---|---|
| W. Whitney Seals, Esq.<br>Cochrun & Seals, LLC<br>P.O. Box 10448<br>Birmingham, AL 35202<br>Whitney@plc-law.com<br>*Attorney for Plaintiff* | John C. Hubbard<br>P.O. Box 953<br>Birmingham, AL 35201<br>jch@jchubbardlaw.com<br>*Attorney for Plaintiff* |

        */s/ Neal D. Moore, III*
        OF COUNSEL